876 So.2d 1230 (2004)
Rosemary MOSHER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-5569.
District Court of Appeal of Florida, First District.
June 10, 2004.
Rehearing Denied July 21, 2004.
*1231 Peter P. Sleasman, Southern Legal Counsel, Inc., Gainesville, for Petitioner.
Charlie Crist, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Respondent.
POLSTON, J.
Petitioner Rosemary Mosher was charged on March 21, 2002, with aggravated battery. Experts performed psychological evaluations and diagnosed Mosher as having schizophrenia, undifferentiated type. The trial court found Mosher incompetent to stand trial and committed her to the forensic unit of Florida State Hospital. See Fla. R.Crim. P. 3.212(c); § 916.13, Fla. Stat. (2002).
The second six-month report issued by the hospital[1] continued to indicate that Mosher was incompetent to stand trial and that prognosis for restoration of competency in the foreseeable future was extremely unlikely. After the trial court issued an order continuing Mosher's involuntary commitment, her lawyers filed a motion for release from involuntary commitment. The motion alleged that Mosher did not meet the criteria for involuntary commitment required by section 916.13(1)(c) and Fla. R.Crim. P. 3.212(c)(3)(B) because there was no substantial probability that her mental illness would respond to treatment and she would not attain competency to proceed in the reasonably foreseeable future.
At the motion hearing, Mosher's lawyers ore tenus amended their motion to request that the charges against her be dismissed. The trial court denied the motion, ruling that Fla. R.Crim. P. 3.213 and section 916.145, Florida Statutes (2002), relate to the dismissal of charges that have been pending for more than five years and that neither was applicable to Mosher. The trial court also ruled that Mosher would continue to be involuntarily committed at the hospital because she met the criteria for involuntary treatment. Mosher argues that the trial court erred and seeks her release or the dismissal of charges and the institution of civil commitment proceedings pursuant to the Baker Act. We grant in part the petition for a writ of certiorari *1232 and quash the trial court's order continuing Mosher's involuntary commitment.
The trial court correctly ruled that Fla. R.Crim. P. 3.213 and section 916.145, by their plain language, relate to the dismissal of charges at any time after five years have elapsed from the time the person is determined incompetent to proceed. Because the five-year period of time has not yet passed, we find no error in the trial court's ruling that the charges against Mosher should not yet be dismissed pursuant to Fla. R.Crim. P. 3.213 and section 916.145. We reject Mosher's argument that Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), requires dismissal of the charges. The Court in Jackson specifically did not address the disposition of charges. 406 U.S. at 739, 92 S.Ct. 1845. However, we agree with Mosher that Jackson requires that either civil commitment proceedings be instituted or she be released. The Court in Jackson held:
[A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

406 U.S. at 738, 92 S.Ct. 1845 (emphasis added). Because it was determined at the hearing that there is not a substantial probability that Mosher will regain competency to proceed in the reasonably foreseeable future, she no longer meets the criteria for involuntary commitment required by section 916.13(1)(c). Therefore, pursuant to Jackson, the State must either institute civil commitment proceedings[2] or release her. We grant Mosher's petition relating to the trial court's ruling that Mosher meets the criteria for involuntary treatment and remand for further proceedings.
GRANTED in part; DENIED in part and REMANDED with instructions.
BOOTH and HAWKES, JJ., CONCUR.
NOTES
[1] See Fla. R.Crim. P. 3.212(c)(5).
[2] The Baker Act contemplates involuntary placement while criminal charges are pending. See § 394.469(1)(a), Fla. Stat. (2002)("At any time a patient is found to no longer meet the criteria for involuntary placement, the administrator shall: Discharge the patient, unless the patient is under a criminal charge, in which case the patient shall be transferred to the custody of the appropriate law enforcement officer.").