941 So.2d 494 (2006)
Basil ANDREWS, Petitioner,
v.
Ralph JOHNSON, Sheriff, Walton County, State of Florida, and Department of Children and Family Services, Respondents.
No. 1D06-4617.
District Court of Appeal of Florida, First District.
November 7, 2006.
William Kemper Jennings, Defuniak Springs, for Petitioner.
Charlie Crist, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Respondents.
PER CURIAM.
By petition for writ of habeas corpus, or alternatively, for writ of certiorari, Basil Andrews challenges an order committing him to the custody of the Department of Children and Families for placement at the Florida State Hospital, following a determination that he continues to be incompetent to proceed in a pending criminal matter. We conclude that the proper remedy is certiorari. See Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004); Patton v. State, 712 So.2d 1206 (Fla. 1st DCA 1998).
Among the prerequisites for involuntary commitment of a defendant adjudicated to be incompetent, section 916.13(1)(c), Florida *495 Statutes (2006), requires that the court find clear and convincing evidence that "[t]here is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future." In this instance, however, the circuit court expressly found that it is improbable that Andrews can attain competency to proceed in the foreseeable future. As the state correctly concedes, this finding precludes petitioner's involuntary commitment under section 916.13.
Accordingly, the petition for writ of certiorari is granted, the order committing Andrews for placement at the Florida State Hospital is quashed, and the matter is remanded to the circuit court for further proceedings.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.