940 So.2d 1271 (2006)
Paul OREN, as guardian and next friend of Thad Oren, Incompetent, Petitioner,
v.
Grady C. JUDD, Jr., as Sheriff of Polk County, Florida; Lucy D. Hadi, as Secretary of the Department of Children and Families, an agency of the State of Florida; and the State of Florida, Respondents.
No. 2D06-2318.
District Court of Appeal of Florida, Second District.
November 8, 2006.
*1272 James Marion Moorman, Public Defender, and Robert A. Young and Richard N. Blank, Assistant Public Defenders, Bartow, for Petitioner.
Charles J. Christ, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Respondents Grady C. Judd, Jr., Sheriff of Polk County, and the State of Florida.
Charles D. Peters, Orlando, for Respondent Lucy Hadi.
NORTHCUTT, Judge.
The circuit court found Thad Oren incompetent to proceed in a criminal case and ordered him involuntarily committed to the custody of the Department of Children and Families. Through his guardian, Paul Oren, Oren challenged the commitment by petitioning this court for a writ of habeas corpus. Oren's petition raised two grounds for relief, the second of which is mooted by our resolution of the first. Oren contended that the circuit court could not involuntarily commit him because there is not a substantial probability that the mental illness causing his incompetence will respond to treatment sufficient to restore his competency to proceed in the reasonably foreseeable future, as is required by applicable law. By order, we treated the petition as a petition for writ of certiorari,[1] granted the petition, and quashed the order insofar as it involuntarily committed Oren. We directed the circuit court to release Oren unless the State first instituted civil commitment proceedings. This opinion follows.
Oren is a severely brain injured thirty-six-year-old man who has been charged with two felonies that he allegedly committed at the adult congregate living facility in which he resided. The circuit court appointed two experts to assess Oren's competency to proceed to trial. At the competency hearing, both doctors testified that Oren was incompetent to proceed to trial. Dr. William G. Kremper, a clinical psychologist, testified that it was unlikely that Oren would ever become competent because he had a severe brain injury and there could be no improvement in Oren's cognitive functioning. In fact, he testified, *1273 Oren's condition would probably worsen. Dr. Henry Dee, a neuropsychologist, testified that Oren "isn't competent to proceed and it is my opinion that he will never be competent to proceed."[2] The court found that the testimony at the hearing indicated that "[t]he possibility that the defendant could be restored to competency was unlikely and remote." Nevertheless, the court's commitment order stated that Oren met the criteria for involuntary commitment for treatment to restore competency as set forth in section 916.13, Florida Statutes (2005), and Florida Rule of Criminal Procedure 3.212(c)(3).
Section 916.13(1) states:
(1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed, pursuant to the applicable Florida Rules of Criminal Procedure, may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
(a) The defendant is mentally ill and because of the mental illness:
1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being; and
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;
(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings which would offer an opportunity for improvement of the defendant's condition have been judged to be inappropriate; and
(c) There is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.
(Emphasis added.)
In the present case, the circuit court did not find that there was a substantial probability that Oren's mental deficiencies would respond to treatment and that he would regain competency to proceed in the near future. Indeed, there was no evidencelet alone clear and convincing evidencepresented at the competency hearing establishing a probability that Oren would regain competency. To the contrary, it was established that Oren would never regain competency. Clearly, then, Oren's involuntary commitment was not authorized by section 916.13(1).
In Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004), Mosher was found incompetent to stand trial and was involuntarily committed to the Florida State Hospital for treatment. The second six-month report issued by the hospital stated that her prognosis for restoration of competency in the foreseeable future was extremely unlikely. Id. at 1231. Even so, the circuit court issued an order continuing the involuntary commitment. Mosher filed a motion for release from involuntary commitment and a motion to dismiss the charges, both of which the circuit court denied after a hearing. Mosher sought review of the *1274 circuit court's rulings via a petition for writ of certiorari. The First District denied the portion of the petition challenging the denial of the motion to dismiss. But the court granted the petition in part and quashed the order continuing Mosher's involuntary commitment. See id. at 1231-32. The court noted that at the hearing on Mosher's motion it was determined that there was no substantial probability that she would regain competency to proceed in the reasonably foreseeable future. Therefore, she no longer met the criteria for involuntary commitment under section 916.13(1)(c). For that reason, the court held, the State must institute civil commitment proceedings or Mosher must be released. The facts in the present case compel the same result.
Petition granted.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] See Patton v. State, 712 So.2d 1206 (Fla. 1st DCA 1998) (concluding that a petition for writ of certiorari is an appropriate vehicle to review an order of involuntary commitment in a criminal proceeding where there was no issue raised that required an evidentiary hearing); see also Dep't of Children & Families v. Clem, 903 So.2d 1011 (Fla. 5th DCA 2005); M.H. v. State, 901 So.2d 197 (Fla. 4th DCA 2005); Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004).
[2] The experts' testimony at the hearing corresponded with the opinions proffered in their written reports, which were also considered by the circuit court.