942 So.2d 947 (2006)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Jetty L. WEHRWEIN, Respondent.
No. 5D06-1613.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
*948 Charles D. Peters, Department of Children and Families, Orlando, for Petitioner.
Vickie Sheridan Benson, Orlando, for Respondent.
EVANDER, J.
The Department of Children and Families (DCF) has filed a petition for writ of certiorari, seeking review of a trial court order committing Wehrwein to the custody of DCF pursuant to section 916.13(1), Florida Statutes (2005). We find the trial court's order departed from the essential requirements of law and grant the writ.
In 2000, Wehrwein was charged with sexual battery. He was subsequently, and continuously, adjudged incompetent to proceed to trial. He was retained in a mental health facility for almost five years. In December, 2005, a mental health intern at Florida State Hospital in Chattahoochee, Florida, determined that Wehrwein was competent to proceed and no longer met the criteria for involuntary commitment. A staff psychologist signed off on the intern's report. Shortly after receiving the intern's report, the trial court ordered Wehrwein to be re-examined by two psychiatrists. Both psychiatrists had previously examined Wehrwein.
At a hearing on April 6, 2006, both psychiatrists testified that Wehrwein was not competent to stand trial and that his state of incompetency "was most probably permanent in nature." Both psychiatrists further concluded there were no known available treatments to reverse or ameliorate Wehrwein's mental defects. The psychiatrists' conclusions were essentially unrefuted.
Pursuant to section 916.145, it appeared likely that Wehrmein's criminal case would be dismissed in June, 2006.[1] The transcript of the hearing reveals a conscientious effort by the trial court, the prosecutor and the public defender to find an adequate placement for Wehrwein prior to the anticipated dismissal of his criminal case. The trial court ultimately entered an order committing Wehrwein back to DCF. DCF contends the order improperly required DCF to attempt to restore Wehrwein's competency although the two examining doctors concluded Wehrwein's incompetency was probably permanent. As a result, DCF contends, it was forced to divert limited treatment resources from individuals whose competency was restorable to an individual whose competency was not restorable.
The trial court's order violates section 916.13(1). This section provides that a defendant adjudicated incompetent to proceed may be involuntarily committed upon a finding by the court of clear and convincing evidence that:

*949 (a) The defendant is mentally ill and because of the mental illness:
1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to defendant's well-being and
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;
(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the defendant's condition have been judged to be inappropriate; and
(c) There is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future. (emphasis added)
In this case, the requirements set forth in section (c) were clearly not met. The overwhelming evidence was that the mental illness causing Wehrwein's incompetency would not respond to treatment and that it was highly unlikely Wehrwein would ever respond to treatment.
We recognize certiorari is not available when there is no irreparable harm or the petitioner has another remedy. Dep't of Children & Families v. Clem, 903 So.2d 1011 (Fla. 5th DCA 2005). In Clem, we found there was no irreparable harm where the trial court had involuntarily committed a defendant into DCF's custody notwithstanding the lack of findings as to whether there was a substantial likelihood the defendant's competency could be restored. However, the basis of our decision in Clem was that DCF had the opportunity to bring the defendant back before the court if DCF determined the defendant no longer met the criteria for continued commitment. Clem at 1014. See § 916.13(2), Fla. Stat. In Clem, DCF had not availed itself of this potential remedy prior to seeking relief in this court. By contrast, in the present case, DCF unsuccessfully pursued this remedy in the trial court prior to filing the instant certiorari action.
Subsequent to the filing of DCF's petition for writ of certiorari, we were advised the criminal case against Wehrwein had been dismissed. As a result, the dispute between DCF and Wehrwein has been resolved. Generally, a moot case will be dismissed. However, it is well-settled that mootness does not destroy an appellate court's jurisdiction where the questions raised are likely to recur. Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984). Because we believe this situation is likely to recur, we have determined this case should not be dismissed for mootness.
We recognize the able trial court judge was attempting to resolve a difficult situation in a compassionate manner. Unfortunately, the resulting order was contrary to the governing statute.
Petition for Writ of Certiorari is GRANTED.
PALMER and MONACO, JJ., concur.
NOTES
[1] Section 916.145, Florida Statutes (2005) provides:

The charges against any defendant adjudicated incompetent to proceed due to the defendant's mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed 5 years after such determination, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The charges against the defendant are dismissed without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.