947 So.2d 1262 (2007)
DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
Teresa Ann GILLILAND and State of Florida, Respondents.
No. 5D06-2626.
District Court of Appeal of Florida, Fifth District.
February 2, 2007.
Charles D. Peters, Orlando, for Petitioner.
James R. Russo, Public Defender, and Blaise Trettis, Assistant Public Defender, Viera, for Respondent Teresa Ann Gilliland.
No Appearance for Respondent State of Florida.
SAWAYA, J.
We grant the Department of Children and Families' petition for writ of certiorari and quash the trial court's order of continued commitment of the respondent, Teresa Ann Gilliland, an individual declared mentally incompetent to proceed to trial on two felony charges. The uncontradicted medical testimony presented to the trial court reveals that Gilliland suffers from dementia that will become progressively worse and that there is little or no probability that she will become competent in the future. Therefore, Gilliland no longer meets the criteria for commitment to the Department under section 916.13(1)(c), Florida Statutes. § 916.13(1)(c), Fla. Stat. (2006) ("Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that . . . [t]here is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future."); Dep't of Children & Families v. Wehrwein, 942 So.2d 947 (Fla. 5th DCA 2006) (granting petition for writ of certiorari and quashing lower court's order of commitment to Department of Children and Families; holding that although respondent was adjudicated incompetent to proceed to trial, respondent's commitment to the Department was improper under section 916.13(1)(c) because he suffered from a mental illness that was permanent and there was not a substantial *1263 likelihood that competency would be restored); Andrews v. Johnson, 941 So.2d 494 (Fla. 1st DCA 2006) (same); Oren v. Judd, 940 So.2d 1271 (Fla. 2d DCA 2006) (same).
As the court explained in Oren, the State will have to institute civil commitment proceedings or Gilliland will have to be released. Oren, 940 So.2d at 1274.
PETITION GRANTED.
PALMER and EVANDER, JJ., concur.