PER CURIAM.
Grant Bryant petitions this court for a writ of certiorari seeking review of an order denying his motion to dismiss based on his permanent incompeteney. On February 26, 2008, Bryant was charged with one count of possession of a controlled substance, a third-degree felony, and one count of possession of drug paraphernalia, a first-degree misdemeanor. On August 11, 2008, the court entered an order declaring Bryant incompetent to proceed because he is schizophrenic and under the care and treatment of a psychiatrist. The psychiatrist opined that Bryant is suffering from schizophrenia, that he has no awareness of the charges he faces, and that he does not comprehend the “possible outcome or penalties.” The psychiatrist concluded that Bryant’s incompetency is “for all intents and purposes, permanent.”
On April 25, 2012, Bryant filed a motion to dismiss the charges against him pursuant to Florida Rule of Criminal Procedure 3.213(a)(1), which provides that felony charges shall be dismissed without prejudice five years after a defendant is found incompetent and that misdemeanor charges shall be dismissed without prejudice after one year of incompetency. The trial court denied Bryant’s motion. Bryant seeks certiorari review of the order denying this motion.
We find that the trial court’s order correctly denied the motion to dismiss as to Count I, the felony, because it has not been five years since Bryant was declared incompetent. Therefore, his motion is premature as to Count I. Tiburcio v. State, 95 So.3d 1037 (Fla. 5th DCA 2012). However, we find the court departed from the essential requirements of law when it denied Bryant’s motion as to Count II, the misdemeanor. It is apparent from the record that more than one year has passed from the date of Bryant’s incompetency determination.
Therefore, the petition for writ of certio-rari is DENIED as it relates to Count I and GRANTED as it relates to Count II.
DENIED In Part; GRANTED In Part.
ORFINGER, C.J., EVANDER and JACOBUS, JJ., concur.