DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CYNTHIA J. BENNINGHOFF,**
Appellee.

No. 4D15-325

[March 23, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey Cohen, Judge; L.T. Case No. 11-9463CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

The State appeals an order dismissing a charge against the defendant without prejudice. The State argues the trial court erred in dismissing the charge prior to the expiration of five years from the time the court adjudicated the defendant incompetent, as required by Florida Rule of Criminal Procedure 3.213(a)(1). We agree and reverse.

**RELEVANT DATES**

| | |
|---|---|
| June 28, 2011 | State charges the defendant. |
| September 22, 2011 | Trial court finds the defendant incompetent, but does not meet involuntary hospitalization criteria. |
| November 18, 2011 | The defendant is placed on conditional release and ordered to attend community-based treatment for mental illness and competency restoration training based on the |

|                     |                                                    |
|---------------------|----------------------------------------------------|
|                     | recommendations of two doctors.                    |
| January 11, 2012    | Court orders the defendant to receive additional competency restoration training. |
| April 12, 2013      | Doctor appointed to re-evaluate the defendant for competency. |
| December 15, 2014   | Court orders an additional evaluation.             |
| January 13, 2015    | The defendant moves to dismiss, pursuant to rule 3.213(b) and *Jackson v. Indiana*, 406 U.S. 715 (1972). |

## THE HEARING AND ORDER

At the hearing on the defendant's motion to dismiss, defense counsel argued that the defendant has continuously received competency restoration services while on conditional release, and a doctor who evaluated her found she is not benefiting from the services and remains incompetent to proceed. Counsel also argued that the victim does not want to prosecute because she is the defendant's biological sister, they currently have an amicable relationship, and are in contact with each other.

The State objected because rule 3.213 provides for five years for restoration before the court can dismiss the case. The State also argued the defendant was a habitual felony offender and prison releasee reoffender. The State did not agree to the dismissal.

Defense counsel highlighted the steps taken by the defendant to restore competency were without success. Counsel also advised the trial court that the defendant's only violations while on conditional release were positive drug screens. The court then found:

> I appreciate that the law allows me to allow an individual who is not competent to remain on conditional release for up to five years. No doubt in my mind that [the defendant] is a chronic substance abuser. She's been incarcerated on multiple grounds for that during her conditional release. But I also like Dr. Simonds' findings that there is no likelihood of her being restored to competency. She's been on conditional release for three and a half years, going to competency restoration classes and apparently hasn't made any substantial progress

2

during that period of time.  The motion to dismiss is granted.

The trial court entered the following order:

> It is hereby ordered that the charge against the above-named [d]efendant shall be dismissed pursuant to Florida Rule 3.213(b).  The charges are dismissed <u>without prejudice</u>.  The [d]efendant was found not competent to proceed on 9/22/11.  The [d]efendant has been on conditional release since that time, receiving competency restoration services and according to Dr. Simonds['] evaluation on 1/5/15, there is no indication that the [d]efendant will become competent in the foreseeable future.

(Emphasis in original).  From that order, the State now appeals.

## THE APPEAL

We have de novo review.  *Knipp v. State*, 67 So. 3d 376, 378 (Fla. 4th DCA 2011).

The defendant moved to dismiss her charge pursuant to Florida Rule of Criminal Procedure 3.213 and *Jackson v. Indiana*, 406 U.S. 715 (1972).  Rule 3.213(a)(1) provides:[1]

> **(a)  Dismissal without Prejudice during Continuing Incompetency.**
>
> (1) *If at any time after 5 years following a determination that a person is incompetent to stand trial* or proceed with a probation or community control violation hearing when charged with a felony, . . . the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation

---

[1] It appears that the dismissal order incorrectly cited rule 3.213(b), titled, "Commitment or Treatment during Continuing Incompetency."  That rule requires dismissal of the charge and commitment of the defendant to the Department of Children and Family Services.  Fla. R. Crim. P. 3.213(b).  The trial court did not commit the defendant to any such facility.  Regardless, rule 3.213(b) also provides the same five-year mandatory period before a trial court can dismiss a charge.

or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.

Fla. R. Crim. P. 3.213(a)(1) (emphasis added).

Similarly, section 916.145, Florida Statutes, provides:

The charges against any defendant adjudicated incompetent to proceed due to the defendant's mental illness shall be dismissed without prejudice to the state *if the defendant remains incompetent to proceed 5 years after such determination* . . . . The charges against the defendant are dismissed without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.

§ 916.145, Fla. Stat. (2015) (emphasis added).

Cases reviewing the dismissal of charges, pursuant to section 916.145, Florida Statutes, and rule 3.213 of the Florida Rules of Criminal Procedure have uniformly and consistently enforced the five-year requirement before dismissal. *See Bryant v. State*, 99 So. 3d 612, 613 (Fla. 5th DCA 2012) (affirming denial of motion to dismiss because five years had not elapsed); *Tiburcio v. State*, 95 So. 3d 1037 (Fla. 5th DCA 2012) (reversing dismissal of charges because five years had not elapsed); *Mosher v. State*, 876 So. 2d 1230, 1232 (Fla. 1st DCA 2004) (affirming denial of motion to dismiss prior to expiration of five years).

Here, less than four years elapsed before the trial court dismissed the charge against the defendant. Based on a plain reading of rule 3.213, section 916.145, and case law, the trial court erred in dismissing the charge.

*Jackson v. Indiana*, 406 U.S. 715 (1972), does not change the result. *Jackson* involved the constitutionality of Indiana's statutory scheme for pretrial commitment of incompetent defendants. *Id.* at 717–19. Under that statutory scheme, the defendant's involuntary commitment was potentially a life sentence. *Id.* at 723. The court held that such an indefinite commitment of a criminal defendant based solely on his incompetence to stand trial violated the Fourteenth Amendment's

4

guarantee of due process. *Id.* at 738–39. Florida's statutory scheme for incompetent defendants does not run afoul of *Jackson* because defendants "never run the risk of indefinite custodial restraint based solely on their incompetency." *State v. Miranda*, 137 So. 3d 1133, 1142 (Fla. 3d DCA 2014).

*Reversed and Remanded.*

DAMOORGIAN and GERBER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***