# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1003
Lower Tribunal No. 12-20525
_____

**The State of Florida,**
Appellant,

vs.

**Christine Carey,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel de la O, Judge.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellee.

Before WELLS, LAGOA and SALTER, JJ.

WELLS, Judge.

The State appeals from an order terminating jurisdiction, discharging Appellee and dismissing the pending criminal case against Appellee, on a finding that Appellee could not be restored to competency and that further review by the court would be futile. We agree with the State that Florida Rule of Criminal Procedure 3.213(a)(1) precludes dismissal of the criminal case at this time and for that reason reverse in part the order under review.

The underlying facts are relatively undisputed. Appellee is an elderly woman who suffers from advancing dementia which is irreversible. The charges against her stem from an aggravated battery on a pregnant woman.

Over a period of three years, Appellee has been evaluated by a number of experts all of whom agree she will never be restored to competency. The State does not disagree with these determinations and no determination of competency restoration has been ordered by the court. In fact, Appellee was conditionally released in 2013 to her family which continues to care for her and to do everything possible to protect others from her.

Essentially concluding that Appellee's physical condition, as well as her mental status, makes Appellee no threat to the public and that continued court supervision would be futile and a waste of judicial resources, the court below terminated further court ordered supervision or care and then dismissed the criminal action against her.

While the State does not take issue with the former determination it claims that the court below erred in determining that a lack of restorability to competency supports dismissal of the criminal action. We agree.

Rule 3.213(a)(1) generally provides that charges "shall" be dismissed against an individual charged with a felony who remains incompetent for five years; who does not meet the criteria for commitment; and, who has "no substantial probability" of having competency restored:

> **(a) Dismissal without Prejudice during Continuing Incompetency.**
>
> (1) If at any time *after 5 years* following a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, *it shall dismiss the charges against the defendant* without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.

(Emphasis added).

Section 916.145 of the Florida Statutes similarly provides for dismissal of charges where a defendant has remained continuously incompetent for five uninterrupted years with no return to competency foreseeable:

3

(1) The charges against a defendant adjudicated incompetent to proceed due to mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed for 5 continuous, uninterrupted years after such determination, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The court may dismiss such charges at least 3 years after such determination, unless the charge is:

. . .

(n) Aggravated battery[.]

§ 916.145(1)(n), Fla. Stat. (2015).

Both Rule 3.213(a)(1) and section 916.145(1)(n), leave no doubt that the court below, while free to terminate supervised follow up care, was not authorized to dismiss the charges pending against Appellee as fewer than five years had elapsed between the time Appellee was adjudicated incompetent and the dismissal order.

In reaching this conclusion we necessarily reject Appellee's argument that section 916.17 of the Florida Statutes conferred discretion on the court below to dismiss the charges against Appellee in less than five years. That provision, authorizes conditional release in lieu of involuntary commitment either before an adjudication of guilt or after an acquittal on a finding of not guilty by reason of insanity. Section 916.17 expressly authorizes release in either circumstance when predicated on a court approved treatment plan encompassing, among other things,

periodic follow up reports to the court regarding a defendant's compliance and treatment progress:

> (1) Except for an inmate currently serving a prison sentence, the committing court may order a conditional release of any defendant in lieu of an involuntary commitment to a facility pursuant to s. 916.13 or s. 916.15 based upon an approved plan for providing appropriate outpatient care and treatment. Upon a recommendation that outpatient treatment of the defendant is appropriate, a written plan for outpatient treatment, including recommendations from qualified professionals, must be filed with the court
>
> > . . . .
>
> In its order of conditional release, the court shall specify the conditions of release based upon the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant's compliance with the conditions of the release and progress in treatment
>
> > . . . .
>
> (3) If at *any time* it is determined after a hearing that the defendant who has been conditionally released under subsection (1) no longer requires court-supervised follow up care, *the court shall terminate its jurisdiction in the cause and discharge the defendant*.

§ 916.17(1), (3), Fla. Stat. (2015) (emphasis added).

While this provision does state that when a trial court has determined that a defendant on conditional release no longer requires follow up care, jurisdiction will be terminated and the defendant discharged, to be consistent with section 916.145, this provision must be read to apply only to the court's continuing jurisdiction to enforce a conditional release plan and its authority to discharge a defendant from the obligation to further comply with the plan. See Forsythe v. Longboat Key

<u>Beach Erosion Control Dist.</u>, 604 So. 2d 452, 455 (Fla. 1992) ("Where possible, courts must give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another.").[1]  Section 916.17 should not be read as invalidating the five year before dismissal requirement of section 916.145.

In sum, while the court below was authorized to "discharge" Appellee from her responsibility to further comply with the obligation to report to the court under her conditional release plan, and to "terminate its jurisdiction" to enforce that plan, it was not authorized to dismiss the charges against Appellee, because five years had not elapsed since she was determined incompetent to proceed.  See <u>Mosher v. State</u>, 876 So. 2d 1230, 1232 (Fla. 1st DCA 2004) ("The trial court correctly ruled that Fla. R.Crim. P. 3.213 and section 916.145, by their plain language, relate to the dismissal of charges at any time after five years have elapsed from the time the person is determined incompetent to proceed. Because the five-year period of time has not yet passed, we find no error in the trial court's ruling that the charges against Mosher should not yet be dismissed pursuant to Fla. R. Crim. P. 3.213 and

[1]  The State supports the five year requirement in part by pointing to Florida Rule of Criminal Procedure 3.213(a)(2), as an instance where a shorter period before dismissal was provided, wording missing from Rule 3.213(a)(1):

> (2) If the incompetency to stand trial or to proceed is due to intellectual disability or autism, the court shall dismiss the charges within a reasonable time after such determination, not to exceed 2 years for felony charges and 1 year for misdemeanor charges, unless the court specifies in its order the reasons for believing that the defendant will become competent within the foreseeable future . . . .

section 916.145."); see also State v. Benninghoff, 188 So. 3d 64, 67 (Fla. 4th DCA 2016) ("Cases reviewing the dismissal of charges, pursuant to section 916.145, Florida Statutes, and rule 3.213 of the Florida Rules of Criminal Procedure have uniformly and consistently enforced the five-year requirement before dismissal. See Bryant v. State, 99 So. 3d 612, 613 (Fla. 5th DCA 2012) (affirming denial of motion to dismiss because five years had not elapsed); Tiburcio v. State, 95 So. 3d 1037 (Fla. 5th DCA 2012) (reversing dismissal of charges because five years had not elapsed). Mosher v. State, 876 So. 2d 1230, 1232 (Fla. 1st DCA 2004) (affirming denial of motion to dismiss prior to expiration of five years). Here, less than four years elapsed before the trial court dismissed the charge against the defendant. Based on a plain reading of rule 3.213, section 916.145, and case law, the trial court erred in dismissing the charge."); accord McCray v. State, 200 So. 3d 1296, 1297 (Fla. 2d DCA 2016) ("To the extent the petition seeks relief from that portion of the trial court's order denying dismissal of the information, it is denied based on a failure to show a departure from the essential requirements of law because fewer than five years have elapsed since the original determination that Mr. McCray was incompetent to proceed due to mental illness.").

Accordingly, with only two years from Appellee's March 2013 determination of incompetency to the April 2015 order under review, the trial judge erred in dismissing the criminal charge against Appellee. In accordance with

the analysis above, that portion of the order on appeal terminating further follow up review by the trial court is affirmed; that portion of the order dismissing the charges against Appellee is reversed and remanded.

Affirmed in part, reversed in part.