IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF CHILDREN AND
FAMILIES,

     Petitioner,

 v.                                Case No.  5D18-116

WAZIM NAWAZ KAMALUDDIN AND
STATE OF FLORIDA,

     Respondents.

_____/

Opinion filed March 9, 2018

Petition for Certiorari Review of Order
from the Circuit Court for Marion County,
T. Michael Johnson, Judge.

Joyce L. Miller, Assistant General
Counsel, Department of Children and
Families, Tavares, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent, State of Florida.

No Appearance for Respondent Wazim
Nawaz Kamaluddin.

EVANDER, J.

       The Department of Children and Families ("DCF") seeks certiorari review of a trial

court order committing Wazim Kamaluddin to its custody pursuant to section 916.13(1),

Florida Statutes (2017). We conclude that the trial court's order departed from the essential requirements of law, and we grant the writ.

Kamaluddin was charged with battery of a person 65 years or older.[1] Based on a competency evaluation performed by Dr. Harry Krop, the trial court found Kamaluddin incompetent to proceed and ordered him committed to DCF's custody. [2]

Although DCF was not a party to the criminal case or the commitment proceeding below, it has standing to seek certiorari review of the trial court's order because it is affected by the order, and no other remedy is available. *Dep't of Children & Families v. Lotton*, 172 So. 3d 983, 985 (Fla. 5th DCA 2015).

Section 916.13, Florida Statutes, provides:

> (1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
>
> (a) The defendant has a mental illness and because of the mental illness:
>
> 1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being; or

---

[1] §§ 784.03(1)(a), 784.08(2)(c), Fla. Stat. (2017).

[2] Section 916.12(2), Florida Statutes (2017), provides that a defendant "must be evaluated by no fewer than two experts before the court commits the defendant . . . , except if one expert finds that the defendant is incompetent to proceed and the parties stipulate to that finding . . . ." The Appendix provided to us does not reflect the existence of a stipulation by the State and the defendant to accept the finding of a single expert. However, that issue was not raised in DCF's petition.

2

2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;

(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the defendant's condition have been judged to be inappropriate; and

(c) *There is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.*

§ 916.13(1), Fla. Stat. (2017) (emphasis added).

Here, as the State properly concedes, there was no evidence that the mental illness causing Kamaluddin's incompetence would respond to treatment and that Kamaluddin would regain competency to proceed in the reasonably foreseeable future. As a result, the trial court departed from the essential requirements of law when it ordered Kamaluddin's involuntarily commitment. *See Dep't of Children & Families v. Ewell*, 949 So. 2d 327 (Fla. 5th DCA 2007) (holding trial court could not commit incompetent defendant to state hospital for treatment to restore him to competency absent clear and convincing evidence that there was substantial probability mental illness causing defendant's incompetence would respond to treatment and defendant would regain competency in foreseeable future); *Dep't of Children & Families v. Gilliland*, 947 So. 2d 1262 (Fla. 5th DCA 2007) (holding that where uncontradicted medical testimony presented to trial court revealed that defendant suffered from dementia that would become progressively worse and that there was little or no probability that defendant would become competent in reasonably foreseeable future, trial court departed from the

3

essential requirements of law by ordering continued commitment of defendant to DCF); *Dep't of Children & Families v. Wehrwein*, 942 So. 2d 947 (Fla. 5th DCA 2006) (holding that trial court's order committing defendant, who had previously been adjudicated incompetent to proceed to trial, back to custody of DCF violated section 916.13(1), Florida Statutes (2005), where overwhelming evidence was that mental illness causing defendant's incompetency would not respond to treatment and it was highly unlikely defendant would ever respond to treatment).

PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER QUASHED; REMANDED.

WALLIS and EDWARDS, JJ., concur.