IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF CHILDREN AND FAMILIES,

    Petitioner,

                                Case No.  5D22-1186

v.                             LT Case No.  2021-CF-012804-A-O

OSMAR BRITO DESPAIGNE AND STATE OF FLORIDA,

    Respondents.

_____/

Opinion filed October 7, 2022

Petition for Writ of Certiorari Review of Order
from the Circuit Court for Orange County,
Tarlika Teresa Nunez-Navarro, Judge.

T. Shane DeBoard, Regional Legal
Counsel, Orlando, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent, State of Florida.

Robert Wesley, Public Defender,
and Robert Thompson Adams, IV,
Assistant Public Defender,
Orlando, for Respondent, Osmar
Brito Despaigne.

PER CURIAM.

The Department of Children and Families ("DCF") timely petitions this Court for a writ of certiorari, seeking to quash the trial court's order involuntarily committing Osmar Brito Despaigne to DCF. We grant the petition.

In February 2022, Despaigne was indicted for the first-degree murder of Shawn Manella. Due to concerns about Despaigne's competency, the defense hired Dr. Valerie McClain to conduct a psychological evaluation. Dr. McClain found that:

> Mr. Despaigne presents with significant communication and cognitive deficits which impact his current competency and ability to benefit from competency training. His deficits appear to be extensive and he would benefit from a neurological evaluation to determine the origin and extent of his deficits. Based on this examiner's interview and review of relevant history, it is this examiner's opinion that he is not restorable.

The trial court ordered a second evaluation, conducted by Dr. Kyle Goodwin, who found Despaigne "nonresponsive and largely catatonic," and concluded that "[a]bsent a drastic improvement in his functioning and mental state, it is likely that Mr. Despaigne is permanently incompetent to proceed." Neither report stated that Despaigne's incompetence resulted from a diagnosed mental illness, and both opined that it was improbable his competence could be restored in the future. Based on the two reports, the

2

trial court found Despaigne incompetent to proceed and involuntarily committed him to DCF. In seeking certiorari relief, DCF argues that the trial court departed from the essential requirements of law, because Despaigne did not meet the criteria for involuntary commitment under section 916.13, Florida Statutes (2021).

"To obtain a writ of certiorari, a petitioner must show that the nonfinal order entered is '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Golub v. Golub, 325 So. 3d 164, 170 (Fla. 5th DCA 2021) (quoting Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011)). "As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily." Dep't of Child. & Fams. v. Lotton, 172 So. 3d 983, 985 (Fla. 5th DCA 2015) (citation omitted). Section 916.13 requires clear and convincing evidence that, inter alia, (1) the defendant has a mental illness; and (2) there is "a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future." § 916.13(1)(a), (c), Fla. Stat.

Here, the written reports indicate neither. In fact, in addition to the absence of a mental illness diagnosis, both reports expressly stated that it

3

was unlikely Despaigne's competence could be restored. It is well-settled that the involuntary commitment of a felony defendant is not appropriate when there is little or no probability that the defendant will become competent in the near future. See Dep't of Child. & Fams. v. Campbell, 295 So. 3d 868, 870 (Fla. 5th DCA 2020) (holding involuntary commitment improper when defendant's future restoration to competency was "doubtful"); see also Dep't of Child. & Fams. v. Gilliland, 947 So. 2d 1262, 1262–63 (Fla. 5th DCA 2007) (quashing involuntary commitment order where uncontradicted testimony established little or no probability of future competence); Dep't of Child. & Fams. v. Wehrwein, 942 So. 2d 947, 949 (Fla. 5th DCA 2006). Therefore, Despaigne did not meet the criteria for involuntary commitment, and the trial court departed from the essential requirements of law by doing so.

We grant DCF's petition for writ of certiorari and remand for further proceedings pursuant to Florida Rules of Criminal Procedure 3.210(b) and/or 3.212(d).

PETITION GRANTED.

COHEN, TRAVER and SASSO, JJ., concur.