*264
 
 PER CURIAM.
 

 Jose Abreu-Gutierrez appeals a trial court order denying his
 
 pro se
 
 petition for writ of habeas corpus which alleged that his involuntary commitment to restore competency to proceed, pursuant to section 916.13, Florida Statutes (2008), was illegal. Because no evidence was presented at the last competency hearing to establish that the defendant’s mental illness was amenable to treatment, and because the unrefuted evidence suggested that he could not be restored to competency within the reasonably foreseeable future, we remand for further proceedings.
 

 In March 2005, Abreu was charged with burglary of a dwelling and grand theft. As the case progressed, Abreu became dissatisfied with counsel’s assistance because counsel was refusing to file motions he requested. Counsel would also not raise Abreu’s arguments that he was innocent and being subjected to double jeopardy. Abreu believes that the charges against him were “recanted” by an assistant state attorney, or dismissed, and could not be refiled. Although the basis for this belief is not clear, pretrial dismissal generally does not bar the refiling of criminal charges because dismissal occurs before jeopardy attaches.
 
 State v. Carter,
 
 452 So.2d 1137, 1139 (Fla. 5th DCA 1984).
 

 Abreu then became increasingly paranoid that counsel and the court were working against him. For example, he believes that, after the assistant state attorney dropped the charges, an assistant public defender did something to have the charges reinstated. Abreu moved to discharge counsel, and at one point in these proceedings, Abreu was granted self-representation. He alleges, however, he was later appointed counsel against his wishes.
 
 [1]
 

 In March 2006, after experiencing repeated difficulty with Abreu’s erratic behavior in court, the judge ordered a competency evaluation. The judge had to remove Abreu from the courtroom on several occasions because of his disruptive behavior. He displayed other irrational and delusional behavior that would lead anyone to question his competency. For example, he reported that the assistant state attorney attempted to kill him by choking him in open court. He also believed that the assistant public defender slapped him in open court. Neither of these events was witnessed by anyone else in the courtroom.
 

 Abreu was evaluated by court-appointed experts who opined that he suffered from mental illness, including Paranoid Personality Disorder and Delusional Disorder of the persecutory type, and, as a result, he was incompetent to proceed. After a hearing, the court adjudicated Abreu incompetent, and in December 2006, the court entered an order committing Abreu for treatment to restore competency. In April 2007, the administrator of the treatment facility reported that Abreu had regained competency, and he was taken back to the jail.
 

 A defendant who has been found incompetent to proceed is presumed to remain incompetent to proceed until adju
 
 *265
 
 dicated competent by the court.
 
 Samson v. State,
 
 853 So.2d 1116, 1116 (Fla. 4th DCA 2003). The court must hold a hearing and enter an order finding that the defendant is competent before proceedings may resume. Fla. R.Crim. P. 3.212(c)(7).
 

 In May 2007, Abreu appeared in court and displayed more irrational behavior. The court found that Abreu was still not competent and ordered further examination by experts. In June 2007, after a hearing, the court determined that Abreu remained incompetent and that the criteria for commitment continued to be met. Pursuant to Florida Rule of Criminal Procedure 3.212(6), the court ordered continued commitment.
 

 In November 2007, the treatment facility again reported that Abreu was competent, and he was taken back to jail. When court-appointed experts appeared at the jail to evaluate Abreu, he refused to cooperate and angrily accused them of conspiring against him. He refused to be examined unless the experts produced a court order. Abreu later explained that he would not allow the doctors to use him for “experiments.” The experts reported that, although a formal evaluation could not be performed, Abreu appeared to remain incompetent as he continued to demonstrate paranoid ideation and irrational behavior. One of the experts opined that Abreu’s prognosis for improvement was extremely poor, and significant concern existed regarding the probability that he could be restored to competency in the reasonably foreseeable future. Nevertheless, the doctor believed Abreu should remain in a locked-down facility.
 

 On January 10, 2008, after a hearing, the court again determined that Abreu remained incompetent to proceed and that the criteria for commitment were met. The court entered another order committing Abreu for treatment.
 

 In February 2008, Abreu filed his
 
 pro se
 
 petition for writ of habeas corpus in circuit court. This is permissible under section 916.107(9)(a), Florida Statutes (2008), which permits a forensic client detained in a facility to challenge the detention through a petition seeking a writ of habeas corpus. In this petition, Abreu raised many confusing and unintelligible claims, including the alleged double jeopardy violation, and claims that the court reporter had mistranscribed or omitted things from the transcript to conceal the alleged violation. He also argued that he was improperly denied the right to self-representation, and that the court was violating his right to due process by forcing him to proceed with counsel. In addition, he claimed that his latest commitment was illegal because the court failed to comply with section 916.13(1), and because the court did not permit him to cross examine the experts. The trial court denied the petition.
 

 Abreu has now been committed for more than three years before trial. In order to commit a defendant pursuant to section 916.13(l)(c), the court must find, among other things, that: “There is a substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.”
 
 See also
 
 Fla. R.Crim. P. 3.212(c)(3)(B).
 

 The only evidence considered at the January 4, 2008 hearing indicated that Abreu’s condition was not likely to respond to treatment. No evidence was presented that he could be restored to competency within the reasonably foreseeable future. Absent such evidence or findings, Abreu cannot continue to be detained pursuant to section 916.13.
 
 See, e.g., Oren v. Judd,
 
 940 So.2d 1271, 1273-74 (Fla. 2d DCA 2006);
 
 *266
 

 Mosher v. State,
 
 876 So.2d 1230, 1231-32 (Fla. 1st DCA 2004);
 
 see also Dep’t of Children & Families v. Gilliland,
 
 947 So.2d 1262 (Fla. 5th DCA 2007).
 

 In contrast to the reports from
 
 the
 
 court-appointed experts, the report of the administrator of the treatment facility where Abreu was housed found that Abreu did not suffer from mental illness, and, with education, he gained an understanding of the proceedings against him. The administrator opined that, while Abreu was argumentative and had an eccentric personality, he did not suffer from a mental illness causing his disruptive behavior in court. The administrator noted Abreu was longwinded and had a difficult time making simple points.
 

 Abreu’s continued incompetence in this case may be the result of his mental illness, or, rather, may be a manifestation of his argumentative and difficult personality. His obstinate refusal to cooperate with his court-appointed attorneys, as well as his refusal to be examined by the court-appointed experts, has frustrated the ability of the court to assess his competency to proceed.
 

 Nevertheless, the evidence considered at the January 4, 2008 hearing is insufficient to permit continued
 
 commitment to
 
 restore competency.
 
 See
 
 § 916.13, Fla. Stat. (2008). No evidence was presented warranting Abreu’s restoration to competency, and mental health experts have provided conflicting reports as to whether Abreu suffered from mental illness at all. Abreu vehemently argues that he has no history of mental illness, and that he is competent to proceed.
 

 Abreu’s petition, and his arguments as to why he believes the charges against him must be dismissed, show he is terribly confused and will, in all likelihood, be unable to mount a coherent defense if he were deemed competent and represented himself at trial. Nevertheless, the inability to “competently” represent oneself is not the same as competence to waive the right to counsel or to proceed to trial.
 
 Hill v. State,
 
 688 So.2d 901, 905 (Fla.1996). This is because a “trial court can lead a defendant to the water of an intelligent decision about the dangers of self-representation, but it cannot make him drink.”
 
 McKinney v. State,
 
 850 So.2d 680, 682 (Fla. 4th DCA 2003).
 

 “In order to be entitled to self-representation, a defendant must show that he or she has the ability and willingness to abide by the rules of procedure and courtroom protocol.”
 
 Thomas v. State,
 
 867 So.2d 1235, 1238 (Fla. 5th DCA 2004). “The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.”
 
 Faretta v. California,
 
 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Assuming Abreu is competent to proceed, he cannot represent himself unless he is willing and able to abide by the rules of procedure and refrain from disruptive courtroom behavior.
 

 Although Abreu’s petition for writ of habeas corpus does not establish that he cannot legally be detained, the court at the January 4, 2008 hearing did not find by clear and convincing evidence that a substantial probability existed that Abreu could be restored to competency in the reasonably foreseeable future. Thus, his current commitment may be unlawful.
 

 The proper method to challenge the non-final order committing Abreu before trial was to file a petition for writ of certiorari in this court.
 
 Patton v. State,
 
 712 So.2d 1206, 1207 (Fla. 1st DCA 1998);
 
 see also Vasquez v. State,
 
 496 So.2d 818, 819-20 (Fla.1986). Instead, Abreu timely filed a petition for writ of habeas corpus in
 
 *267
 
 the circuit court, and then appealed to this court when that petition was denied. We affirm the denial of Abreu’s petition, which did not show he was entitled to immediate release, but remand with instructions to the committing court because it appears that the requirements for continued commitment may not have been met. The committing court shall, within 30 days of the date of the mandate in this appeal, hold another hearing to consider Abreu’s competency and his qualification for continued commitment.
 

 A defendant may not thwart the competency determination process “by refusing to be examined” by court-appointed experts.
 
 Muhammad v. State,
 
 494 So.2d 969, 973 (Fla.1986). Abreu shall submit to evaluation by court-appointed experts, who shall report to the court regarding whether Abreu continues to suffer from mental illness that affects his ability to understand the proceedings and consult with counsel.
 
 See
 
 Fla. R.Crim. P. 3.211(a). If Abreu is truly competent, as he contends, he will cooperate with the evaluations. If the experts opine that Abreu remains incompetent to proceed because of mental illness, the reports should address whether Abreu can be restored to competency with treatment in the reasonably foreseeable future. The trial court retains the ultimate responsibility of deciding whether the defendant is competent and qualifies for commitment, and the reports of experts are merely advisory.
 
 Muhammad,
 
 494 So.2d at 973.
 

 A person may not be detained indefinitely before trial under the pretrial commitment provisions of section 916.13. If Abreu’s condition cannot be treated and he cannot be restored to competency, the state must initiate civil commitment proceedings pursuant to the Baker Act, or other pertinent statutes, or Abreu must be released.
 
 See Mosher,
 
 876 So.2d at 1232. If the trial court orders release, it should be based on appropriate conditions which should include monitoring and outpatient treatment.
 
 See
 
 Fla. R.Crim. P. 3.212(d).
 

 Remanded for Further Proceedings Consistent with this Opinion.
 

 GROSS, C.J., KLEIN and HAZOURI, JJ., concur.
 

 [1]
 

 . The current record does not reflect whether Abreu was appointed stand-by counsel, or whether he was denied self-representation. We note that a trial court has discretion to deny self-representation when a defendant's mental instability prevents a knowing and intelligent waiver of the right to counsel.
 
 Holland v. State,
 
 773 So.2d 1065, 1069-70 (Fla. 2000);
 
 see also Godinez v. Moran,
 
 509 U.S. 389, 396-401, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (explaining that, in addition to being competent to proceed, a defendant must knowingly and voluntarily waive the right to counsel before self-representation is granted).