PER CURIAM.
 

 The Department of Children and Family Services (DCF) petitions for a writ of cer-tiorari seeking to quash a trial court order that committed incompetent criminal defendant Israel Amaya
 
 [1]
 
 to DCF’s legal custody and placed him on conditional release under section 916.17, Florida Statutes (2008). The trial court ordered DCF to find Amaya an appropriate treatment facility within 15 days and made DCF responsible for Amaya’s supervision and care while on conditional release. Because Amaya does not meet the criteria for commitment to the Department, the Department cannot be made responsible for Ama-ya’s care and supervision. We therefore grant the petition and quash the trial court’s order.
 

 Factual Background
 

 In June 2007, Amaya was arrested for forceful sexual battery of his 13-year-old step-daughter. The day after his arrest, he complained of weakness in his left side and continuous headache and was transported to a hospital. He was diagnosed with an inoperable brain tumor and was advised that he had approximately one year to live. Amaya was determined to be incompetent and committed to a DCF
 
 *154
 
 treatment facility, but subsequent evaluations in August 2008 revealed that Amaya did not meet the criteria for commitment. The evaluations found that Amaya is not competent to proceed and that he is not likely to be restored to competency because of the metastasizing, inoperable brain tumor.
 
 [2]
 

 In November 2008, after reviewing the reports and considering oral testimony, the trial court entered an order finding that although Amaya did not qualify for commitment to a treatment facility to restore competency, he is in need of community placement. The order provides:
 

 3. Accordingly, the Defendant is hereby released and is hereby committed to the Department of Children & Families, pursuant to s. 916.17, Fla. Stat. (2008) and Rules 3.212(d) and 3.219, Fla. R.Crim. P., on the following release conditions:
 

 (a) The Department shall place the Defendant in an appropriate facility within 15 days of receiving this order. The Department shall provide the court with the name and address of the Defendant’s placement within 30 days of this order.
 

 The order requires that Amaya remain supervised and requires DCF, or its desig-nees, to immediately notify the court if Amaya violates any of the conditions of his release. Amaya is not to be discharged from conditional release until further order of the court, and DCF is to provide reports every six months regarding Amaya’s compliance with release conditions and progress in treatment.
 

 DCF timely petitions this court for a writ of certiorari and contends that the trial court departed from the essential requirements of law by committing Amaya to its custody under section 916.17, Florida Statutes, and requiring DCF to locate and fund an appropriate placement. We agree.
 

 Jurisdiction
 

 Certiorari jurisdiction lies to review DCF’s claim that the trial court has acted in excess of its jurisdiction by ordering DCF to undertake responsibilities beyond what is required by statute.
 
 See Dep’t of Children & Family Servs. v. Leons,
 
 948 So.2d 988 (Fla. 4th DCA 2007) (denying extraordinary writ petitions filed by DCF which challenged trial court orders that required DCF to provide treatment to incompetent, committed defendants held in jail awaiting transfer to a treatment facility);
 
 Dep’t of Children & Family Servs. v. Wehrwein,
 
 942 So.2d 947 (Fla. 5th DCA 2006) (granting DCF’s petition for writ of certiorari and quashing a trial court order that committed an incompetent defendant to DCF’s custody in violation of the statute because the defendant could not be restored to competency).
 

 Analysis
 

 In section 916.105(1), the legislature described the scope of DCF’s responsibilities:
 

 It is the intent of the Legislature that the Department of Children and Family Services and the Agency for Persons with Disabilities, as appropriate, establish, locate, and maintain separate and secure forensic facilities and programs for the treatment or training of defendants who have been charged with a felony and who have been found to be
 
 *155
 
 incompetent to proceed clue to their mental illness, mental retardation, or autism, or who have been acquitted of a felony by reason of insanity,
 
 and who, while still under the jurisdiction of the committing court, are committed to the department or agency under the provisions of this chapter.
 

 § 916.105(1), Fla. Stat. (2008) (emphasis added). The statute also provides:
 

 (7) “Department” means the Department of Children and Family Services. The department is responsible for the treatment of
 
 forensic clients
 
 who have been determined incompetent to proceed due to mental illness or who have been acquitted of a felony by reason of insanity.
 

 § 916.105(7), Fla. Stat. (2008) (emphasis added).
 

 Section 916.106(9) defines a “forensic client” as one who has been “committed” to the Department pursuant to statutory criteria:
 

 (9) “Forensic client” or “client” means any defendant
 
 who has been committed to the department or agency pursuant to s. 916.13,
 
 s. 916.15, or s. 916.302.
 

 (emphasis added). Section 916.13 permits a court to involuntarily commit a defendant charged with a felony who is found incompetent to proceed because of mental illness. Section 916.13(2) states:
 

 A defendant who has been charged with a felony and who has been adjudicated incompetent to proceed due to mental illness, and
 
 who meets the criteria for involuntary commitment to the department under the provisions of this chapter, may be committed to the department, and the department shall retain and treat the defendant.
 

 (emphasis added). To be committed to the Department’s legal custody, a court must find by clear and convincing evidence that the criteria set out in section 916.13(1), Florida Statutes, are met. All parties agree, and the trial court correctly determined, that Amaya does not qualify for commitment under section 916.13.
 

 The trial court purported to commit Amaya to DCF pursuant to section 916.17, which provides:
 

 (1) Except for an inmate currently serving a prison sentence, the committing court may order a conditional release of any defendant
 
 in lieu of an involuntary commitment to a facility pursuant to s. 916.13
 
 or s. 916.15 based upon an approved plan for providing appropriate outpatient care and treatment. Upon a recommendation that outpatient treatment of the defendant is appropriate, a written plan for outpatient treatment, including recommendations from qualified professionals, must be filed with the court, with copies to all parties. Such a plan may also be submitted by the defendant and filed with the court with copies to all parties. The plan shall include:
 

 (a) Special provisions for residential care or adequate supervision of the defendant.
 

 (b) Provisions for outpatient mental health services.
 

 (c) If appropriate, recommendations for auxiliary services such as vocational training, educational services, or special medical care.
 

 In its order of conditional release, the court shall specify the conditions of release based upon the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant’s compliance with the conditions of the release and progress in treatment, with copies to all parties.
 

 (Emphasis added). Section 916.17 provides an alternative to placement in a
 
 *156
 
 treatment facility for defendants
 
 committed
 
 to DCF under section 916.13. Contrary to the trial court’s order, an incompetent defendant may not be committed to DCF if the statutory criteria are not met.
 

 The conditional release provisions of the statute and the rules implementing the statute indicate that conditional release under section 916.17 is appropriate only when a defendant meets the criteria for commitment to DCF.
 

 Florida Rule of Criminal 3.219(a), which implements the conditional release of section 916.17, provides:
 

 Release Plan. The
 
 committing
 
 court may order a conditional release of
 
 any defendant who has been committed according to a finding of inconvpetency to proceed
 
 or an adjudication of not guilty by reason of insanity
 
 based on an approved plan for providing appropriate outpatient care and treatment.
 
 When
 
 the administrator
 
 shall determine outpatient treatment of the defendant to be appropriate, the administrator may file with the court, and provide copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. The plan may be submitted by the defendant.
 

 (Emphasis added). Thus, for conditional release under section 916.17 to be appropriate, the statute and rules contemplate that the defendant must initially meet the criteria for commitment.
 

 Rule 3.219(a) permits “the administrator” of the treatment facility where a defendant is committed to file an approved plan for providing outpatient care in lieu of involuntary commitment to a treatment facility. Here, no plan for outpatient treatment was provided, and Amaya does not meet the conditions for commitment, making “conditional release” under section 916.17 unauthorized. The trial court ordered DCF to find an appropriate facility and made it responsible for Amaya’s care and supervision. Essentially, the court ordered release and then required DCF to formulate a plan after the fact.
 

 Rule 3.219(b) further demonstrates that conditional release under 916.17 is appropriate only for a defendant who has been committed to DCF:
 

 (b) Defendant’s Failure to Comply. If it appears at any time that the defendant has failed to comply with the conditions of release, or that the defendant’s condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court, after hearing, may modify the release conditions or, if the court finds the defendant meets the statutory criteria for commitment, may order that the defendant be
 
 recommitted
 
 to the Department of Children and Family Services for further treatment.
 

 Fla. R.Crim. P. 3.219(b) (emphasis added). The word “recommitted” contemplates a previous “commitment.” Nothing in the statutes or rules suggest that an incompetent defendant, who does not meet the criteria of section 916.13, can be “committed” to DCF for purposes of conditional release under section 916.17.
 

 DCF is responsible for the treatment of “forensic clients” that have been committed under section 916.13. DCF is not responsible for providing treatment to incompetent defendants who have not properly been committed to DCF’s legal custody.
 
 See State, Dep’t of Health and Rehabilitative Servs. v. Myers,
 
 696 So.2d 863 (Fla. 4th DCA 1997) (granting a writ of certiorari and finding that section 916.105(1) did not require HRS to pay for mental health treatment for a pretrial detainee who had not been committed to the Department as a “forensic client”).
 

 
 *157
 
 Amaya does not qualify for commitment to DCF under section 916.13, 916.15, or 916.302; he is, therefore, not a “forensic client” as defined by the statute, and DCF cannot be made responsible for his care and supervision as ordered by the trial court. In this situation, the county in which Amaya was arrested may ultimately be responsible for paying the cost of treatment as long as Amaya remains in custody.
 
 See
 
 § 901.35(2)(a), Fla. Stat. (2008) (providing that the county is responsible for payment where reimbursement from other sources is unavailable);
 
 Myers,
 
 696 So.2d at 865-66.
 

 We are sympathetic to the difficult situation facing the circuit judge in this case and recognize that the judge attempted to fashion a solution that would avoid the defendant’s indefinite incarceration and that would provide a way for the defendant to receive palliative care.
 
 [3]
 
 Amaya requires supervision and may need hospice or palliative care, but he does not meet the statutory criteria for commitment to DCF under Chapter 916. The court attempted to provide for supervision and treatment but could not require DCF to provide these services where the criteria for commitment are not met.
 

 The proper course when an incompetent defendant does not meet the criteria for commitment, and cannot be restored to competency, is for the State to initiate civil commitment proceedings under the Baker Act or for the court to release the defendant “on appropriate conditions” as provided in Rule 3.212(d).
 
 See Abreu-Gutierrez v. James,
 
 1 So.3d 262, 267 (Fla. 4th DCA 2009);
 
 Dep't of Children & Families v. Gilliland,
 
 947 So.2d 1262, 1263 (Fla. 5th DCA 2007);
 
 Oren v. Judd,
 
 940 So.2d 1271, 1274 (Fla. 2d DCA 2006);
 
 Mosher v. State,
 
 876 So.2d 1230, 1232 (Fla. 1st DCA 2004).
 

 Florida Rule of Criminal Procedure 3.212(d) provides that, when an incompetent defendant does not meet the criteria for commitment to the Department, the court may release the defendant “on appropriate conditions” which may include outpatient treatment and monitoring. The conditions placed on release under Rule 3.212(d), when a defendant does not qualify for commitment, should not be confused with the “conditional release” that is permitted under section 916.17 as an alternative to commitment to a treatment facility under section 916.13. Although both types of release contain conditions, the court cannot make DCF responsible for the care and supervision of incompetent defendants who do not qualify for commitment under Chapter 916. Ultimately, DCF might be responsible for Amaya’s care if he is committed pursuant to the Baker Act, but the statutory procedures under that chapter must be followed and Amaya must be properly committed to DCF’s custody before that agency should be burdened with providing for his treatment or care.
 
 See
 
 § 394.467, Fla. Stat. (2008) (providing for involuntary inpatient placement).
 

 Our decision in
 
 Myers
 
 provides that the Department cannot be made responsible for funding the treatment of incompetent defendants who have not been properly committed to DCF. 696 So.2d at 866-67. Thus, the order in this case constitutes a clear departure from the essential requirements of law.
 

 Conclusion
 

 Chapter 916 is known as the Forensic Client Services Act. § 916.10, Fla. Stat.
 
 *158
 

 (2008).
 
 The legislature defined a “forensic client” and set forth specific statutory criteria that must be met to commit a defendant under the Act. The trial court’s order committing Amaya to DCF custody where the criteria for commitment are not met departs from the essential requirements of law and is hereby quashed. This case is remanded for further proceedings consistent with this opinion.
 

 GROSS, C.J., STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . Amaya died on February 7, 2009, while this opinion was circulating in the court. We nonetheless issue the opinion because the issue involved is one that is likely to recur.
 

 [2]
 

 . According to one report, Amaya believes the current year is 1977 and that he lives in New York; he does not recall ever living in the State of Florida. His memory is greatly impaired, and he reports seeing angels coming toward him frequently. Amaya is currently confined to a wheelchair and significantly weaker than when the doctor examined him a year before.
 

 [3]
 

 . A similar situation involving a terminally ill, incompetent criminal defendant arose and was discussed in
 
 Maxwell v. State,
 
 974 So.2d 505 (Fla. 5th DCA 2008). The court in that case, however, did not decide what would occur, or who would be responsible, if the defendant remained incompetent.