NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF CHILDREN AND
FAMILIES,

        Petitioner,

v.

WILLIAM CARMONA and STATE OF
FLORIDA,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D14-2020

Opinion filed January 30, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; Mary M. Handsel,
Judge.

Deanne Fields, Assistant General Counsel,
Department of Children and Families,
Tampa, for Petitioner.

Gage Neibergall, Assistant Public
Defender, New Port Richey, for
Respondent Carmona.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Alex B.C. Ershock,
Assistant Attorney General, Tampa, for
Respondent State of Florida.

DAVIS, Chief Judge.

The Department of Children and Families seeks to quash by writ of certiorari the trial court's order adjudicating William Carmona incompetent to proceed to trial on a felony charge and ordering the Department to pay the costs of Mr. Carmona's placement in a healthcare facility. We grant the petition in part and quash the order to the extent that Mr. Carmona was committed to the Department to be treated at the Department's expense.

William Carmona was charged with felony petit theft. Prior to trial, he was examined by two mental health experts who both opined that he was incompetent to proceed to trial. Both of the experts also agreed that it was improbable that Mr. Carmona could be restored to competency. Based on the opinions of the two experts, the trial court found Mr. Carmona incompetent to proceed to trial due to a mental illness as defined in section 916.106(11), Florida Statutes (2013). In that same order, the trial court directed that Mr. Carmona be "provided placement and treatment" by the Department during a period of "conditional release." The trial court set a hearing for April 4, 2014, for the purpose of receiving from the Department a written report "on the issue of placement and treatment for restoration of competency to proceed."

Following that hearing, the trial court entered its "Order of Conditional Release and Temporary Placement of Defendant Previously Adjudged Incompetent to Proceed Pursuant to § 916.17 Fla. Stat." Included in that order was the finding that Mr. Carmona "does not meet the criteria for commitment to a treatment facility of the Department of Children and Families as provided in section 916.13(1)." However, the order did find that Mr. Carmona needed "case managed treatment to restore

competency to proceed." Accordingly, the trial court ordered that Mr. Carmona be transported from the Pasco County Jail to Windmoor Hospital, where he was to remain until a bed was available at BayCare Behavioral Health facility. Further, the order required the Department to assume the costs of Mr. Carmona's care at these facilities and stated that this was to be considered a release pursuant to section 916.17, the conditional release statute. It is this order that the Department now asks this court to quash.

We have certiorari jurisdiction to review the trial court's order, which the Department alleges was entered in excess of the trial court's jurisdiction. See Dep't of Children & Family Servs. v. Amaya, 10 So. 3d 152, 154 (Fla. 4th DCA 2009) ("Certiorari jurisdiction lies to review [the Department's] claim that the trial court has acted in excess of its jurisdiction by ordering [the Department] to undertake responsibilities beyond what is required by statute."); see also Dep't of Children & Families v. Harter, 861 So. 2d 1274, 1275 (Fla. 5th DCA 2003) ("Although the Department was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available."). "[T]o obtain a writ of certiorari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." In re Commitment of Reilly, 970 So. 2d 453, 455 (Fla. 2d DCA 2007) (alteration in original) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 899 So. 2d 812, 822 (Fla. 2004)) (internal quotation marks omitted). Because we conclude that the trial court here did depart from the essential requirements of law and that such departure resulted in a material injury that cannot be

corrected on appeal, we grant the petition for the writ of certiorari and quash the April 20, 2014, order of the trial court to the extent that it orders the commitment of Mr. Carmona to the Department.

Section 916.106(11) clearly defines when a person is incompetent to proceed in a criminal proceeding.[1]  In the instant case, the reports of the experts who examined Mr. Carmona clearly support the trial court's conclusion that in fact Mr. Carmona is incompetent to proceed.  Accordingly, the trial court did not depart from the essential requirements of law in determining that Mr. Carmona is incompetent to proceed to trial.

However, section 916.13 sets the criteria that must be established before the trial court has the authority to involuntarily commit an individual for treatment.  If an individual is found to have met these criteria and is thereby subject to being committed to the Department for treatment, section 916.17 provides an alternative to the residential commitment known as a "conditional release."  In its April 20, 2014, order, the trial court specifically found that Mr. Carmona "does not meet the criteria for commitment to a treatment facility of the Department of Children and Families as provided in [section] 916.13."  And "an incompetent defendant may not be committed to [the Department] if the statutory criteria are not met."  Amaya, 10 So. 3d at 156.  We agree with the Fourth District's conclusion that "[t]he conditional release provisions of the statute and the rules

---

[1]" 'Incompetent to proceed' means unable to proceed at any material stage of a criminal proceeding, which includes the trial of the case, pretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea, proceedings for violation of probation or violation of community control, sentencing, and hearings on issues regarding a defendant's failure to comply with court orders or conditions or other matters in which the mental competence of the defendant is necessary for a just resolution of the issues being considered." § 916.106(11).

implementing the statute indicate that conditional release under section 916.17 is appropriate only when a defendant meets the criteria for commitment to [the Department]." See id.

Here, after finding that Mr. Carmona does not meet the statutory requirements for involuntary commitment as prescribed in section 916.13, the trial court ordered the Department to place Mr. Carmona in a specified facility (BayCare Behavioral Center) at the Department's expense. This was a departure from the essential requirements of law, and the portion of the order requiring this placement must be quashed.

The petition for writ of certiorari is granted in part, and the trial court's order of April 4, 2014, is quashed to the extent that it purports to commit Mr. Carmona to the Department and requires placement by the Department.

Granted in part and denied in part.


NORTHCUTT and CASANUEVA, JJ., Concur.