NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MOSES D. McCRAY,                    )
                                    )
            Petitioner,             )
                                    )
v.                                  )          Case No. 2D16-1265
                                    )
STATE OF FLORIDA,                   )
                                    )
            Respondent.             )
_____)

Opinion filed October 5, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Polk County; Wayne M. Durden,
Judge.

Howard L. Dimmig, II, Public Defender,
Robert A. Young, General Counsel, and
David Horton, Assistant Public Defender,
Bartow, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes and
Cornelius Christopher Demps, Assistant
Attorneys General, Tampa, for
Respondent.


PER CURIAM.

        In this certiorari proceeding, a criminal defendant who has been

adjudicated incompetent to proceed due to mental illness seeks relief from those

portions of a trial court order that denied his motion to dismiss the information and continued, with modifications, a program of conditional release previously imposed pursuant to section 916.17, Florida Statutes (2014). To the extent he seeks relief from that portion of the trial court's order continuing the program of conditional release, the petition for writ of certiorari is granted and that portion of the trial court's order is quashed. Petitioner did not qualify for involuntary commitment under section 916.13 and therefore was not eligible for placement on conditional release under section 916.17 as a matter of statutory text. See § 916.17 (providing for placement on a program of conditional release "in lieu of" placement in involuntary commitment); Dep't of Children & Families v. Carmona, 159 So. 3d 165, 167 (Fla. 2d DCA 2015) ("[C]onditional release under section 916.17 is appropriate only when a defendant meets the criteria for commitment . . . ." (quoting Dep't of Children & Family Servs. v. Amaya, 10 So. 3d 152, 156 (Fla. 4th DCA 2009))); see also Gonzalez v. State, 15 So. 2d 37, 39 (Fla. 2d DCA 2009) ("A departure from the essential requirements of law . . . can be shown by misapplication of the plain language in a statute.").

To the extent the petition seeks relief from that portion of the trial court's order denying dismissal of the information, it is denied based on a failure to show a departure from the essential requirements of law because fewer than five years have elapsed since the original determination that Mr. McCray was incompetent to proceed due to mental illness. See § 916.145; Fla. R. Crim. P. 3.213(a)(1); State v. Benninghoff, 188 So. 3d 64, 67 (Fla. 4th DCA 2016) (providing a collection of cases that stand for the proposition that "[c]ases reviewing the dismissal of charges, pursuant to section

916.145, Florida Statutes, and rule 3.213 of the Florida Rules of Criminal Procedure have uniformly and consistently enforced the five-year requirement before dismissal").

Petition granted in part and denied in part.

LaROSE, SLEET, and SALARIO, JJ., Concur.