NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MOSES McCRAY,                        )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Case No.  2D17-332
                                     )
STATE OF FLORIDA,                    )
                                     )
            Respondent.              )
_____)

Opinion filed August 4, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Polk County; Wayne M. Durden,
Judge.

Howard L. Dimmig, II, Public Defender,
Robert A. Young, General Counsel, and
David Horton, Assistant Public Defender,
Bartow, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Senior Assistant Attorney General,
Tampa, for Respondent.


LaROSE, Chief Judge.

            Moses McCray suffers from mental illness.  Accordingly, the trial court

adjudicated him incompetent to proceed to trial.  He now petitions for a writ of certiorari

quashing the trial court's order entered following our decision in McCray v. State, 200

So. 3d 1296 (Fla. 2d DCA 2016).  In particular, Mr. McCray seeks relief from that portion

of the order imposing "appropriate release conditions" pursuant to Florida Rule of Criminal Procedure 3.212(d). We have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(2), and we deny the petition.

## Background

The State charged Mr. McCray with burglary and related theft offenses. The trial court adjudicated him incompetent to proceed. Mr. McCray has not been restored to competency.

Following his adjudication of incompetency, Mr. McCray filed an unsuccessful motion to dismiss the information. The trial court, however, continued a program of conditional release pursuant to section 916.17, Florida Statutes (2014). Mr. McCray filed a certiorari petition (Petition I), arguing that the trial court's order departed from the essential requirements of law. See Gonzalez v. State, 15 So. 3d 37, 39 (Fla. 2d DCA 2009) ("To obtain common law certiorari relief, a petitioner must show that there has been a departure from the essential requirements of law that causes material and irreparable harm." (citing Reynolds v. State, 963 So. 2d 908, 909 (Fla. 2d DCA 2007))).

We granted in part and denied in part Petition I. McCray, 200 So. 3d at 1296-97. Specifically, we quashed the portion of the order continuing Mr. McCray's conditional release. We reasoned that because he "did not qualify for involuntary commitment under section 916.13," he was ineligible "for placement on conditional release under section 916.17 as a matter of statutory text." Id. We also denied Mr. McCray's request to dismiss the information "because fewer than five years have elapsed since the original determination that Mr. McCray was incompetent to proceed due to mental illness." Id. at 1297 (citing § 916.145).

- 2 -

Following our opinion in <u>McCray</u>, the trial court conducted a hearing and entered the order that prompted the instant certiorari proceeding (Petition II). The order before us: (1) struck the prior order placing Mr. McCray on conditional release pursuant to section 916.17; (2) imposed many of those same conditions relying on rule 3.212(d); and (3) denied Mr. McCray's renewed motion to dismiss pursuant to section 916.145.

## Certiorari Petition

In Petition II, Mr. McCray claims that the trial court's order ignores our <u>McCray</u> opinion because it simply reimposes many of the same conditions of release. More specifically, Mr. McCray contends that because rule 3.212 is procedural, it does not control over the explicit language of section 916.13, which allows for his involuntary commitment only if he meets certain criteria. This includes if "[t]here is a substantial probability that the mental illness causing the defendant's incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future." § 916.13(1)(c). He also maintains that the order disregards the doctrines of res judicata and the law of the case. We cannot accept any of his premises for relief.

## Analysis

Mr. McCray asserts that the trial court improperly imposed liberty-limiting conditions pursuant to rule 3.212(d) to achieve the purposes of statutory conditional release, for which Mr. McCray did not qualify.

As an initial matter, we observe that "[c]ertiorari review is proper when it is alleged that the circuit court's interpretation of a statute violates clearly established law or when it fails to follow the dictates of a statute, and the error is sufficiently egregious as to result in a miscarriage of justice." <u>In re Asbestos Litig.</u>, 933 So. 2d 613, 616 (Fla.

3d DCA 2006); cf. Fassy v. Crowley, 884 So. 2d 359, 363-64 (Fla. 2d DCA 2004) ("A departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice." (citing Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1983))). But, upon a thorough review of the record, we must conclude that Petition II cannot stand.

In Mr. McCray's situation, "[t]he proper course when an incompetent defendant does not meet the criteria for commitment, and cannot be restored to competency, is for the State to initiate civil commitment proceedings under the Baker Act or for the court to release the defendant 'on appropriate conditions' as provided in Rule 3.212(d)." Dep't of Children & Family Servs. v. Amaya, 10 So. 3d 152, 157 (Fla. 4th DCA 2009) (emphasis added) (citing Abreu–Gutierrez v. James, 1 So. 3d 262, 267 (Fla. 4th DCA 2009)); see also Dep't of Children & Families v. State, 201 So. 3d 78, 79 (Fla. 3d DCA 2015) (stating that because the respondent was ineligible for involuntary civil commitment under the Baker Act, "[b]y default, the only option the trial court had available to provide placement . . . was through . . . Florida Rule [] of Criminal Procedure[] 3.212(d)"). Accordingly, consistent with McCray, the trial court exercised its informed judgment to craft a solution balancing Mr. McCray's liberty interests with the need to provide for his own protection, as well as that of the public. See Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014) ("Florida Rules of Criminal Procedure 3.210-3.212 were enacted to set forth the required competency hearing procedures for determining whether a defendant is competent to proceed or has been restored to competency." (citing Mora v. State, 814 So. 2d 322, 333 (Fla. 2002))); see also Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 78 (Fla. 2012) ("Article V,

section 2(a), of the Florida Constitution grants this Court the exclusive authority to adopt rules of judicial practice and procedure for actions filed in this State . . . ." (citing Allen v. Butterworth, 756 So. 2d 52, 59 (Fla. 2000))).

The trial court's order avoids imposition of conditional release under section 916.17. McCray, 200 So. 3d at 1296-97. Instead, the trial court imposed "appropriate conditions,"[1] several of which are specifically enumerated in rule 3.212(d):

> If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release. A report shall be filed with the court after each evaluation by the persons appointed by the court to make such evaluations, with copies to all parties. The procedure for determinations of the confidential status of reports is governed by Rule of Judicial Administration 2.420.

Fla. R. Crim. P. 3.212(d); see also State v. Miranda, 137 So. 3d 1133, 1142 (Fla. 3d DCA 2014) ("Rule 3.212(d) allows a court to order appropriate release conditions for up to a year, including outpatient treatment at an appropriate local facility and reporting for further evaluation, if a defendant is not mentally competent but does not meet the criteria for commitment." (quoting Graham v. Jenne, 837 So. 2d 554, 559 (Fla. 4th DCA 2003))).

Seemingly, Mr. McCray does not challenge the propriety of the conditions imposed. Rather, he contends that the trial court lacked authority to impose them after

---

[1]Specifically, the trial court ordered that Mr. McCray continue to reside with his mother, continue to take his prescribed psychotropic medication, avoid the use or possession of alcohol or nonprescribed controlled substances, not own or possess a firearm or weapon, and report for further mental health evaluations.

our opinion from Petition I. Our earlier opinion made no specific mention of rule 3.212, and, thus, we cannot conclude that the trial court ignored our mandate.

To the contrary, the trial court studiously endeavored to comply with our mandate. Significantly, the order before us provides that "the Department of Children and Families has no further obligation to monitor future compliance with this Order." Therefore, the trial court was at once dutiful to our McCray opinion, while also eliminating any concern that the Department would be tasked with any responsibilities beyond those required by the law. See Amaya, 10 So. 3d at 154 ("Certiorari jurisdiction lies to review [the Department's] claim that the trial court has acted in excess of its jurisdiction by ordering [the Department] to undertake responsibilities beyond what is required by statute."); Dep't of Children & Family Servs. v. State, 124 So. 3d 430, 432-33 (Fla. 2d DCA 2013) ("A court that commits a defendant in violation of [section 916.13] improperly encroaches on the legislature's authority to prescribe the limits of an agency's obligations and on an agency's obligation to expend its appropriated funds in accordance with the laws governing that agency.").

The State did not seek conditions of release under rule 3.212(d) prior to our issuance of McCray. Contrary to Mr. McCray's position, however, the law of the case did not preclude the State from raising the argument for the first time following issuance of McCray. The law of the case doctrine requires "that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) (citing Greene v. Massey, 384 So. 2d 24, 28 (Fla. 1980)). "The law of the case doctrine applies only to issues actually considered and decided in a prior appeal involving the same case." Bloco, Inc. v. Porterfield Oil Co., 990 So. 2d

578, 581 (Fla. 2d DCA 2008) (citing Analyte Diagnostics, Inc. v. D'Angelo, 792 So. 2d 1271, 1272 (Fla. 4th DCA 2001)).  Stated differently, the scope of the law of the case is "limited to rulings on questions of law actually presented and considered on a former appeal."  U.S. Concrete Pipe Co. v. Bould, 437 So. 2d 1061, 1063 (Fla. 1983); see also Gabor v. Gabor & Co., 599 So. 2d 737, 738-39 (Fla. 3d DCA 1992); Gibson v. Maloney, 263 So. 2d 632, 635 (Fla. 1st DCA 1972).

The applicability of rule 3.212(d)'s conditions was neither raised nor addressed in Petition I.  Thus, our disposition in McCray did not foreclose the State from raising the argument anew upon release of the opinion.  See, e.g., Arch Se. Commc'ns, Inc. v. Abraham Commc'ns, Inc., 702 So. 2d 556, 558 (Fla. 2d DCA 1997) (holding that prior per curiam affirmance of the trial court's decision denying motion to compel arbitration, was not "law of the case" concerning whether buyer and seller entered into valid oral agreement settling disposition of escrowed money); Harbour Club Condo. No. Three, Inc. v. Sauder, 380 So. 2d 449, 450 (Fla. 2d DCA 1979) (holding that mandate did not preclude the trial court from considering unconscionability argument on remand because that issue had not been decided by the trial court nor considered by this court in the first appeal).

Nor did the res judicata doctrine stop the State from raising the rule 3.212 argument on remand.  As the Florida Supreme Court has explained:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984) (emphasis added) (quoting Wade v. Clower, 114 So. 548, 552 (1927)).  As the prevailing party in the proceedings precipitating our McCray opinion, the State could not, and logically would not, have sought affirmance based upon an argument that was neither raised below nor preserved for appeal.  See Castor v. State, 365 So. 2d 701, 703 (Fla. 1978) ("[A] reviewing court will not consider points raised for the first time on appeal."); Archer v. State, 613 So. 2d 446, 448 (Fla. 1993) ("For an issue to be preserved for appeal, however, it 'must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.' " (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))).

For the foregoing reasons, Mr. McCray's concern that the trial court was prevented from imposing appropriate release conditions pursuant to rule 3.212(d) following remand from our McCray opinion, is without merit.

Petition denied.


CRENSHAW and ROTHSTEIN-YOUAKIM, JJ., Concur.