NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
Petitioner, )
)
v. )
) Case No. 2D17-3152
WILLIAM CHARLES SPUHLER, )
)
Respondent. )
)
_____)

Opinion filed April 4, 2018.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Ramiro Mañalich,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Petitioner.

Kathleen A. Smith, Public Defender, and
Elizabeth Heffington, Assistant Public
Defender, Fort Myers, for Respondent.


SLEET, Judge.

The State seeks certiorari review of the order denying its motion seeking

the imposition of release conditions on William Spuhler pursuant to Florida Rule of

Criminal Procedure 3.212(d). Because the trial court did not depart from the essential

requirements of law in denying the State's motion, we deny the petition, but we write to address the availability of release conditions for defendants who are incompetent but do not qualify for involuntary commitment under section 916.13, Florida Statutes (2016).

Spuhler was charged with driving while license suspended and driving while license suspended causing death, and he was determined to be incompetent and not restorable in July 2016. The parties initially agreed that he would be placed on one year of conditional release. As the end of that year approached, the State sought an additional period of conditional release pursuant to rule 3.212(d). The trial court denied its motion, determining that because Spuhler did not meet the criteria for commitment under section 916.13, conditional release was not available and the State's only remedy was under the Baker Act, if appropriate.

"[C]ertiorari review is proper when it is alleged that the circuit court's interpretation of a statute violates clearly established law or when it fails to follow the dictates of a statute[] and the error is sufficiently egregious as to result in a miscarriage of justice." McCray v. State, 230 So. 3d 495, 497 (Fla. 2d DCA 2017) (quoting In re Asbestos Litig., 933 So. 2d 613, 616 (Fla. 3d DCA 2006)); see also Abreu-Gutierrez v. James, 1 So. 3d 262, 266 (Fla. 4th DCA 2009) (explaining that the proper method to challenge a nonfinal commitment order is by certiorari).

In its motion, the State sought imposition of release conditions pursuant to rule 3.212(d), which provides:

> If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at

specified times during the release period as conditions of release.

In his response, Spuhler contends that rule 3.212(d) "is only relevant when a defendant has the possibility of being restorable." This is incorrect. See McCray, 230 So. 3d at 497; Dep't of Children & Family Servs. v. Barnett, 124 So. 3d 430, 433 (Fla. 2d DCA 2013) (concluding that the trial court "should consider whether appropriate conditions may again be lawfully imposed under rule 3.212(d)" when releasing a defendant who was ineligible for further commitment under section 916.13 because he was not restorable to competency); Dep't of Children & Families v. C.Z., 201 So. 3d 78, 79 (Fla. 3d DCA 2015) (stating that because the respondent was ineligible for involuntary civil commitment under the Baker Act, "[b]y default, the only option the trial court had available to provide placement . . . was through conditional release, pursuant to . . . [rule] 3.212(d)"); Abreu-Gutierrez, 1 So. 3d at 267 (recommending that the trial court base the defendant's release on conditions imposed pursuant to rule 3.212(d) if it determined on remand that he could not be restored to competency).

We agree with the State's argument that the trial court erred in concluding that the State was limited to civil commitment proceedings and was not entitled to the imposition of release conditions under rule 3.212(d) solely because Spuhler could not be restored to competency. "[T]he proper course when an incompetent defendant does not meet the criteria for commitment[] and cannot be restored to competency[] is for the State to initiate civil commitment proceedings under the Baker Act or for the court to release the defendant 'on appropriate conditions' as provided in [r]ule 3.212(d)." McCray, 230 So. 3d at 497 (quoting Dep't of Children & Family Servs. v. Amaya, 10 So.

3d 152, 157 (Fla. 4th DCA 2009)). However, because this ruling does not amount to a departure from the essential requirements of law, we deny the State's petition.

"A departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice." Id. (quoting Fassy v. Crowley, 884 So. 2d 359, 363–64 (Fla. 2d DCA 2004)). "Unlike the application of incorrect law, 'a misapplication of the correct law or an erroneous interpretation of a law does not rise to the necessary level,' i.e., 'a violation of a clearly established principle of law resulting in a miscarriage of justice.' " Mahany v. Wright's Healthcare & Rehab. Ctr., 194 So. 3d 399, 402 (Fla. 2d DCA 2016) (quoting Fassy, 884 So. 2d at 364). Although the trial court misinterpreted rule 3.212(d) to the extent that it determined that the rule was inapplicable to nonrestorable defendants, it considered and applied the correct rules and statutes applicable to a motion seeking imposition of release conditions on an incompetent defendant.

Furthermore, rule 3.212(d) does not mandate that a trial court impose release conditions. The language of the rule is permissive: "If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions." Fla. R. Crim. P. 3.212(d) (emphasis added). It is within the trial court's discretion to "exercise[] its informed judgment to craft a solution balancing [the defendant's] liberty interests with the need to provide for his own protection, as well as that of the public." McCray, 230 So. 3d at 497.

Accordingly, the petition is denied.


VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.